UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY LEE                                                              CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                              NO.: 15-00542-BAJ-EWR

RULING AND ORDER

Before the Court is a **Motion for Partial[1] Summary Judgment (Doc. 8)** filed by Defendants State of Louisiana, Department of Public Safety and Corrections Board of Parole, and Diane P. Simon (collectively, "Defendants"). Defendants, in short, seek to have all claims brought against them by Plaintiff Larry Lee ("Plaintiff") dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 56. Plaintiff opposes this motion. (*See* Doc. 23). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367. Oral argument is not necessary. For reasons explained herein, Defendants' motion is **GRANTED**.

### I. BACKGROUND

Plaintiff asserts that he spent nine years in prison because Defendants (a) erroneously revoked his parole and (b) thereafter knowingly refused to reconsider their mistake. (*See* Doc. 1-1 at pp. 3—4, 15—21). Accordingly, Plaintiff seeks monetary damages from Defendant State of Louisiana, Defendant Department of Public Safety and Corrections Board of Parole, and Defendant Diane P. Simon in both

---

[1] Despite the styling of Defendants' motion, there is nothing partial about the summary judgment that it seeks.

1

her individual and official capacities pursuant to 42 U.S.C. § 1983, LA. REV. STAT. § 15:572.8, and LA. CIV. CODE ANN. art § 2315.[2] (*Id.* at p. 1—8). Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). (*Id.* at p. 8).

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Id.* at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations,

---

[2] LA. CIV. CODE ANN. art § 2315 is the article under which Plaintiff's "gross negligence" claim properly arises. *See* Doc. 1-1 at p. 7.

unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### III. DISCUSSION

#### A. Defendants State of Louisiana, Department of Public Safety and Corrections Board of Parole, and Diane P. Simon Acting in her Official Capacity Are Not Persons Within the Meaning of 42 U.S.C. § 1983.

As an initial matter, neither a state, a state agency, nor a state official acting in her official capacity is a "person" against whom a § 1983 claim for money damages can be asserted. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *Lumpkins v. Office of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015); *Bishop v. State Bar of Texas*, 791 F.2d 435, 438 (5th Cir. 1986).

Accordingly, Defendants' motion is **GRANTED** insofar as Plaintiff's claims against the State of Louisiana, the Department of Public Safety and Corrections Board of Parole, and Diane P. Simon acting in her official capacity are **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

### B.   Diane P. Simon, Acting in her Individual Capacity, Is Absolutely Immune From Suit.

The facts underlying Plaintiff's § 1983 claims against Defendant Diane P. Simon ("Simon") acting in her individual capacity are largely undisputed: (1) Florida officials improperly advised Plaintiff that he could waive his probable cause preliminary hearing without pleading guilty to the underlying parole violation; (2) such is true under Florida law, but such is not true under Louisiana law; and (3) Defendant Simon knew of the improper advice afforded to Plaintiff, yet refused to have the seven-member parole board reconsider the original panel's parole revocation decision. (*See* Doc. 1-1 at pp. 3—5); (*See* Doc. 8-5 at pp. 17—20).

Defendants assert that the above-conduct is, as alleged, subject to absolute immunity. (*See* Doc. 8-1 at p. 4). Plaintiff responds that Defendant Simon "was not a member of the panel that revoked [his] parole" and asserts that the defense of absolute immunity is inapplicable where, as here, a defendant's conduct is administrative rather than adjudicative in nature. (*See* Doc. 23 at p. 23).

Absolute immunity applies to any conduct "inexorably connected with the execution of parole revocation procedures." See *Hulsey v. Owens*, 63 F.3d 354, 356—57 (5th Cir. 1995) (internal quotations and citations omitted). It is neither, as Plaintiff suggests, a defense reserved to the parole board's members, *see Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 974 (5th Cir. 1988), nor is its application limited to the parole board's "actual decisions," *see Hulsey*, 63 F.3d at 357.

In refusing to have the seven-member parole board reconsider the original panel's parole revocation decision, Defendant Simon effectively denied Plaintiff's

4

request for rehearing en banc. *Id.* at 356 (quoting *Butz v. Economou*, 438 U.S. 478, 514 (1978)) (noting that "[o]fficials whose responsibilities are 'functionally comparable' to those of a judge are [ ] absolutely immune from damages liability"). Such a decision leaves no doubt that Defendant Simon was, throughout her tenure, more committed to the board's "usual practice of not granting reconsideration of a parole revocation decision"[3] than dispensing justice. It is an affront to the very system that she represented. It is unequivocally wrong in every way.

Maybe Plaintiff did violate his parole – but why not prove as much before throwing him in jail for 9 years? What could possibly have been more important? In a different setting, Plaintiff's case would almost assuredly give rise to a viable claim of ineffective assistance of counsel. The Court is quite simply at a loss for words.

With respect to her decision, Defendant Simon is absolutely immune. *Id.* at 357 (quoting *Walrath v. United States*, 35 F.3d 277, 282—83 (7th Cir. 1994)) (holding that parole board members are absolutely immune from claims seeking to litigate the propriety of prior parole board decisions). This Court cannot provide Plaintiff the justice that he seeks. Hopefully another institution can. Justice, in this case, has not been done.

Accordingly, Defendants' motion is **GRANTED** insofar as Plaintiff's claims against Diane P. Simon acting in her individual capacity are **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

---

[3] *See* Doc. 8-5 pp. 19—20.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Partial Summary Judgment (Doc. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims arising under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims arising under LA REV. STAT. § 15:572.8 and LA. CIV. CODE ANN. art § 2315 are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

Baton Rouge, Louisiana, this 19th day of January, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**